UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| ROY SAILERS, MARK EL a/k/a MARK T. SMITH, KIONGOZI G. LUMUMBA, <br><br> Plaintiffs, <br><br> v. <br><br> RYAN BRANAGAN, RESIPRO COMPANY, <br><br> Defendants. | Civil No. 19-18059 (RMB/KMW) <br><br> **OPINION** |

**RENÉE MARIE BUMB**, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon the filing of a pro se Complaint [Dkt. No. 1] and Amended Applications for Permission to Proceed In Forma Pauperis ("Amended IFP Applications")[Dkt. No. 5], by pro se Plaintiffs Roy Sailers, Mark El (a/k/a Mark T. Smith), and Kiongozi G. Lumumba ("Plaintiffs"). In the Complaint, Plaintiffs attempt to assert a cause of action under 42 U.S.C. § 1983 against Defendants Ryan Branagan and ResiPro Company ("Defendants"), alleging that Defendants acted to deprive Plaintiffs of their constitutional rights in relation to an uncollected $105,000.00 property lien.

For the reasons set forth herein, Plaintiffs' Amended IFP Applications will be **GRANTED**, and the Court will order the Clerk of the Court to open this matter and file the pro se Complaint

on the docket. However, because Plaintiffs is proceeding IFP, the Court is required to screen their Complaint for sua sponte dismissal and finds that it should be **DISMISSED WITHOUT PREJUDICE**.

I. <u>IFP APPLICATION</u>

When a non-prisoner files an IFP Application, seeking permission to file a civil complaint without the prepayment of fees, under 28 U.S.C. § 1915, the applicant is required to submit an affidavit that sets forth his or her assets and attests to the applicant's inability to pay the requisite fees. <u>See</u> 28 U.S.C. § 1915(a); <u>Roy v. Penn. Nat'l Ins. Co.</u>, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (internal citations omitted). The decision whether to grant or to deny the application should be based upon the economic eligibility of the applicant, as demonstrated by the affidavit. <u>See</u> <u>Sinwell v. Shapp</u>, 536 F.2d 15, 19 (3d Cir. 1976). Upon review, the Court finds that Plaintiffs have established that they each lack the financial ability to pay the filing fee. Accordingly, the Court will grant Plaintiffs' Amended IFP Applications.

II. <u>LEGAL STANDARD FOR *SUA SPONTE* DISMISSAL</u>

Once an IFP Application has been granted, the Court is required to screen the Complaint and dismiss the action <u>sua

2

sponte "if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards." See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim under which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or dismiss any defendant who is immune from suit. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and 42 U.S.C. § 1997e(c).

Federal Rule of Civil Procedure 8(a) requires that a complaint contain:

(1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

To survive sua sponte screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMS Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In screening a complaint to verify whether it meets these standards, however, this Court is mindful of the requirement that pro se pleadings must be construed liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520–21(1972).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086–87 (3d Cir.1995). A determination of "maliciousness" requires a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendant. Id. at 1086. Examples of malicious claims can include those that "duplicate ... allegations of another ... federal lawsuit by the same plaintiff." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

## III. DISCUSSION

In the pro se Complaint, Plaintiffs attempt to assert a cause of action under 42 U.S.C. § 1983 in relation to an uncollected property lien. Relevantly, to state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a state actor or a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

In this case, the Court finds that Plaintiffs have failed to allege facts suggesting that Defendants were state actors or acting "under color of state law." See Leshko v. Servis, 423 F.3d 337, 339-340 (3d Cir. 2005)(discussing the definition of "state action" under § 1983). As far as the Court can discern, both Defendants, Ryan Branagan and ResiPro, are private persons. Therefore, the Court will dismiss Plaintiffs' case for failure to state a claim. Plaintiffs will only be permitted to amend if Plaintiffs can allege in good faith that Defendants were not private persons or somehow acted under color of state law.

## IV. CONCLUSION

For the reasons set forth herein, Plaintiffs' Amended IFP Applications will be **GRANTED** and the Clerk of the Court will be

5

directed to file the pro se Complaint on the docket. Upon screening, however, the Complaint will be **DISMISSED WITHOUT PREJUDICE**. An appropriate Order shall be issued on this day.

DATED: October 10, 2019

                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        UNITED STATES DISTRICT JUDGE